IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOURTHERN DIVISION
7:13-CV-127-FL

| | |
|---|---|
| GEORGE REYNOLD EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER and** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| OFFICER J.K. GRIFFIN, et al., ) | |
| ) | |
| Defendants. ) | |

This pro se case is before the court on the motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) (D.E. 1) by plaintiff George Reynold Evans ("plaintiff") and for a frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). These matters were referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), respectively. (*See* Minute Entry dated 20 June 2013).

### ORDER ON *IN FORMA PAUPERIS* MOTION

The court finds that plaintiff has adequately demonstrated his inability to prepay the required court costs. His motion to proceed *in forma pauperis* is therefore GRANTED.

### MEMORANDUM AND RECOMMENDATION ON FRIVOLITY REVIEW

**I.    BACKGROUND**

    **A.    Defendants**

In his complaint (D.E. 1-1), plaintiff names as defendants: J.K. Griffin ("Griffin"), an officer with the Greensboro Police Department ("GPD"); Ken Miller, Chief of the GPD ("Police Chief Miller"); Robbie Perkins, Mayor of Greensboro ("Mayor Perkins"); the Greensboro City

Council; the Greensboro City Manager; and the City of Greensboro. (Compl. 1).[1] Although in the complaint plaintiff does not name the individual serving as City Manager, he does name an individual in his proposed summons to this defendant (D.E. 1-3 at 9). He therefore does not appear to be suing simply the office of City Manager, but rather the individual holding that office. Plaintiff states that he is suing the defendants in their individual and official capacities. (*Id.*).

      **B.    Alleged Events Underlying Suit**

In his complaint, plaintiff describes the events giving rise to his suit as follows:

On 22 November 2011, Griffin and another officer approached plaintiff, apparently in Greensboro, and asked to search him. (*Id.* at 3). Plaintiff consented to a pat down only. (*Id.*). In response, the officers placed plaintiff under arrest and handcuffed him. (*Id.*). Griffin then told plaintiff that unless he helped gather evidence against a storekeeper whom Griffin believed was a drug dealer by engaging in a controlled drug transaction with the storekeeper, Griffin would take plaintiff to jail. (*Id.*). When plaintiff refused, Griffin took from plaintiff two wallets, from which he removed and copied various papers; two cellular telephones, from which Griffin removed a telephone number; plaintiff's driver's license, which Griffin never returned and plaintiff had to replace; and four pills prescribed for plaintiff by his physician, one of which (for pain) Griffin did not return. (*Id.* at 2-3).

Griffin brought false charges against plaintiff, which the magistrate dismissed for lack of probable cause. (*Id.* at 3). After his arrest, plaintiff experienced heart problems (two of his pills were for a heart condition) and he was taken to the hospital. (*Id.*). Plaintiff subsequently complained about the incident to the GPD and City of Greensboro, but they took no action. (*Id.*).

---

[1] Citation to the complaint is to the pages assigned by the court's electronic CM/ECF filing system.

Griffin's conduct was racially motivated. (*See id.*). In addition, the City of Greensboro "was aware that the police department had racial issues and [has] been profiling blacks[,] people of color and homeless people and took no action to prevent it or stop it from happening." (*Id.*).

### C. Claims

Plaintiff alleges that defendants' actions violated his civil rights under the Constitution and federal laws. (*Id.* at 1). He asserts his claims pursuant to 42 U.S.C. §§ 1983 and 1988. (*Id.*). He demands compensatory damages, punitive damages, an injunction, attorney's fees, and other relief. (*Id.* at 4).

## II. APPLICABLE LEGAL STANDARDS

After allowing a party to proceed *in forma pauperis*, as here, the court must conduct a frivolity review of the case pursuant to 28 U.S.C. § 1915(e)(2)(B). The court must determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. 28 U.S.C. § 1915(e)(2)(B); *see Denton v. Hernandez*, 504 U.S. 25, 27 (1992) (standard for frivolousness). Although in evaluating frivolity a pro se plaintiff's pleadings are held to "less stringent standards" than those drafted by attorneys, *White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989), the court is not required to accept a pro se plaintiff's contentions as true, *Denton*, 504 U.S. at 32. Instead, the court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327. Such baseless claims include those that describe "fantastic or delusional scenarios." *Id.* at 328. Provided that a plaintiff's claims are not clearly baseless, the court must weigh the factual allegations in plaintiff's favor in its frivolity analysis. *Denton*, 504 U.S. at 32.

The court must read the complaint carefully to determine if a plaintiff has alleged specific facts sufficient to support the claims asserted. *White*, 886 F.2d at 724.

Under Fed. R. Civ. P. 8, a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction . . . [and] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Case law explains that the factual allegations in the complaint must create more than a mere possibility of misconduct. *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Likewise, a complaint is insufficient if it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)).

### III.   ANALYSIS

#### A.   Claims against the GPD

Courts have repeatedly held that, in North Carolina, a municipal police department, such as the RPD, is not an entity subject to suit. *See Moore v. City of Asheville, N.C.*, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (dismissing all claims against the Asheville Police Department "because, under North Carolina law, the Asheville Police Department is not a 'person' and, therefore, lacks the capacity to be sued" (citing *Coleman v. Cooper*, 89 N.C. App. 188, 192, 366 S.E.2d 2, 5 (1988))), *overruled on other grounds by Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997); *see also Jackson v. Wilkes Cnty.*, No. 5:11-CV-00042-RLV, 2012 WL 4753304, at * 3 (W.D.N.C. 28 Sept. 2012) (dismissing § 1983 claims against Wilkesboro Police Department because it is not a suable entity); *Elabanjo v. Bellevance*, 2012 WL 4327090, at * 4 (M.D.N.C.

18 Sept. 2012) (same holding with respect to the Chapel Hill Police Department). Accordingly, all claims against the GPD should be dismissed.

### B. Claims against Police Chief Miller, Mayor Perkins, and the City Manager

This court has recently articulated the standards applicable to the individual claims against Police Chief Miller, Mayor Perkins, and the City Manager:

> A supervisory official may not be held liable based upon a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable in § 1983 suits. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To the extent plaintiff alleges a claim pursuant to supervisor liability, the United States Supreme Court recently addressed the theory of supervisor liability in the context of a § 1983 action. *Iqbal*, 556 U.S. at 677. In *Iqbal*, the Court held: "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Id.* at 676. Mere knowledge is not sufficient to establish personal participation. *Id.*

*Toppin v. Kornegay*, No. 5:12-CT-3117-FL, 2014 WL 694850, at *5 (E.D.N.C. 21 Feb. 2014).

Plaintiff makes no allegations regarding the personal involvement of Police Chief Miller, Mayor Perkins, or the City Manager in the conduct of which he complains. At most, they are subject to the general allegation that no action was taken to address the alleged racial discrimination of the GPD. The individual claims against them should accordingly be dismissed.

Moreover, to the extent that Mayor Perkins is deemed a local government legislative official, he enjoys "absolute legislative immunity for all actions taken in the sphere of legislative activity." *Mauney v. Cricket/Bojangles Coliseum*, Civ. Act. No. 3:11-CV-215-RJC-DCK, 2012 WL 5985497, at *6 (W.D.N.C. 3 Oct. 2012) (citing *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998)) (internal quotation marks omitted)) (mag. judge's mem. & recommendation), *adopted*, 2012 WL 5960308, at *1 (28 Nov. 2012); *see also Berkley v. Common Council of City of Charleston*, 63 F.3d 295, 300–01 (4th Cir. 1995) (acknowledging long tradition of immunity for legislators at all governmental levels). Any alleged failure by Mayor Perkins to respond to the

GPD's alleged racial discrimination comes within the scope of his immunity. Such immunity is therefore an additional ground for dismissal of the individual-capacity claim against him.

The claims against Police Chief Miller, Mayor Perkins, and the City Manager in their official capacity are claims against the city itself. *Wyche v. City of Franklinton*, 837 F. Supp. 137, 144 (E.D.N.C. 1993) ("A suit against a city official in his official capacity is a suit against the city itself.") (citing *Hughes v. Blankenship*, 672 F.2d 403, 406 (4th Cir. 1982)). Since plaintiff has named the city separately as a defendant, these official-capacity claims are duplicative and should be dismissed. *Id.*[2]

### C. Claims against the City Council

The City Council is subject to the doctrine of immunity for local legislators just discussed. As with Mayor Perkins, the one contention plaintiff can plausibly be deemed to be asserting against the City Council is that it failed to act in response to the GPD's alleged racial discrimination. Because such conduct comes within the scope of the City Council's immunity, any such claims against it should be dismissed. To the extent that the claims against the City Council are deemed to be against the city itself, they are duplicative and subject to dismissal as such based on the previously cited precedent.

### D. Claims against Officer Griffin and the City of Greensboro

The claims against Officer Griffin in his official capacity are duplicative of the claims against the City of Greensboro. They should therefore be dismissed.

On the other hand, the court finds that plaintiff's individual-capacity claims against Officer Griffin are not frivolous and do not suffer from the other deficiencies specified in 28

---

[2] If plaintiff were deemed to be suing the office of City Manager, rather than the individual holding that office, his claim would fail because § 1983 provides for suits only against a "person" and a public office does not constitute a "person." *Garvin v. Owen*, C.A. No. 2:09-202-HMH-RSC, 2009 WL 653007, at *7 (D.S.C. 23 Feb. 2009) (mag. judge's rep. & recommendation as adopted by 12 Mar. 2009 order at same citation).

U.S.C. § 1915(e)(2)(B). It reaches the same conclusion with respect to the claims against the City of Greensboro. *See, e.g.*, *Rowell v. City of Hickory*, 341 F. App'x 912, 915 (4th Cir. 2009) (recognizing potential liability of municipality on *respondeat superior* theory when constitutional violations result from execution of a policy or custom of the municipality) (quoting *Monell*, 436 U.S. at 694; *Vathekan v. Prince George's Cnty.*, 154 F.3d 173, 180-81 (4th Cir. 1998). It will therefore be recommended that the case proceed on these claims.

## IV. CONCLUSION

For the foregoing reasons, it is RECOMMENDED that:

1. All claims against Police Chief Miller, Mayor Perkins, the City Manager, and the City Council and the official-capacity claims against Officer Griffin be DISMISSED; and

2. The case proceed on the individual-capacity claims against Officer Griffin and all claims against the City of Greensboro.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff, who shall have until 2 May 2014 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

SO ORDERED, this the 18th day of April 2014.

_____
James E. Gates
United States Magistrate Judge