IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:13-CV-127-FL

| | | |
|---|---|---|
| GEORGE R. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER J.K. GRIFFIN; KEN MILLER, Chief of Police Greensboro Police Department; ROBBIE PERKINS, Mayor; CITY COUNCIL; CITY MANAGER; CITY OF GREENSBORO, NORTH CAROLINA, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge James E. Gates (DE 4), upon frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). It is recommended therein that the court dismiss claims against certain defendants and allow others to proceed. Plaintiff has not filed objections to the M&R, and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge and dismisses in part and allows in part plaintiff's claims.

## BACKGROUND

On June 17, 2013, *pro se* plaintiff filed a motion for leave to proceed *in forma pauperis*, accompanied by proposed complaint asserting claims under 42 U.S.C. § 1983 and § 1988 for violation of his civil rights in connection with an alleged arrest of plaintiff in Greensboro, North Carolina, on November 22, 2011. Plaintiff named as defendants the following: J.K. Griffin ("Griffin"), an officer with the Greensboro Police Department ("GPD"); Ken Miller, Chief of the

GPD ("Police Chief Miller"); Robbie Perkins, Mayor of Greensboro ("Mayor Perkins"); the Greensboro City Council; the Greensboro City Manager; and the City of Greensboro. Plaintiff states that he is suing the defendants in their individual and official capacities. The court incorporates herein by reference the detailed summary of the factual allegations contained in the M&R.

On April 18, 2014, M&R was entered allowing plaintiff to proceed *in forma pauperis* on the complaint, and the complaint was filed. Upon frivolity review, the M&R recommends dismissing claims against all defendants except individual-capacity claims against Officer Griffin and all claims against the City of Greensboro. Plaintiff filed a motion to appoint counsel and notice of change of address. On May 21, 2014, the court denied the motion to appoint counsel, and granted an extension of time to file objections to the M&R. After plaintiff filed an additional notice of change of address, the court reserved the court's order and M&R to the new address, and reset the time period for filing objections.

## COURT'S DISCUSSION

Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Likewise, the court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

2

After carefully reviewing the M&R and the record, the court finds the analysis in the M&R to be thorough and cogent, and adopts it in full. 28 U.S.C. § 1915(e)(2)(B) directs the court determine whether the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from an immune defendant, and is thereby subject to dismissal. As noted in the M&R, plaintiff has failed to state a claim upon which relief may be granted except as to certain claims against defendants Griffin and the City of Greensboro.

Plaintiff fails to state a claim against the GPD, because it is not an entity subject to suit, and absent personal involvement of Police Chief Miller, Mayor Perkins, or the City Manager, plaintiff fails to state a claim against those defendants. See Harris v. City of Virginia Beach, VA, 11 Fed. Appx. 212, 215 (4th Cir. 2001). Claims against the City Council are subject to legislative immunity. Berkley v. Common Council of City of Charleston, 63 F.3d 295, 300–01 (4th Cir. 1995).

Plaintiff has stated a claim upon frivolity review, by contrast, against defendant Griffin, based on wrongful arrest of plaintiff. See Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) (stating that plaintiff may establish a Fourth Amendment violation based upon an arrest with probable cause). Plaintiff has also stated a claim against the City of Greensboro, on the basis of plaintiff's allegations of an unconstitutional policy or procedure. See Vathekan v. Prince George's Cnty., 154 F.3d 173, 180-81 (4th Cir. 1998).

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R in full, and DISMISSES IN PART plaintiff's complaint (DE 1) as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), with remaining claims ALLOWED TO PROCEED.

3

1. In particular, the following claims are DISMISSED: all claims against Police Chief Miller, Mayor Perkins, the City Manager, and the City Council, and the official-capacity claims against Officer Griffin.

2. The following claims are ALLOWED TO PROCEED: claims against Griffin individually and all claims against the City of Greensboro.

The clerk is DIRECTED to issue the summons for defendants Griffin and City of Greensboro. Thereupon, pursuant to Federal Rule of Civil Procedure 4(c), the court DIRECTS the United States Marshal to serve these defendants with the complaint, summons, the M&R, and this order.

SO ORDERED, this the 11th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge